

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2003

# Vukich v. Nationwide Mutl Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Vukich v. Nationwide Mutl Ins" (2003). *2003 Decisions.* Paper 463.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/463

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 02-3359, 02-3360, 02-3361
_____

CRAIG VUKICH,

Appellant at No. 02-3359

v.

NATIONWIDE MUTUAL INSURANCE COMPANY;
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY;
NATIONWIDE LIFE INSURANCE COMPANY;
NATIONWIDE GENERAL INSURANCE COMPANY;
NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY;
COLONIAL INSURANCE COMPANY OF WISCONSIN, f/k/a
COLONIAL INSURANCE COMPANY OF CALIFORNIA

_____

WILLIS JAMES BRANTHOOVER,

Appellant at No. 02-3360

v.

NATIONWIDE MUTUAL INSURANCE COMPANY;
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY;
NATIONWIDE LIFE INSURANCE COMPANY;
NATIONWIDE GENERAL INSURANCE COMPANY;
NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY;
COLONIAL INSURANCE COMPANY OF WISCONSIN, f/k/a
COLONIAL INSURANCE COMPANY OF CALIFORNIA

_____

TODD ABRAHAM,

Appellant at No. 02-3361

v.

NATIONWIDE MUTUAL INSURANCE;
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY;
NATIONWIDE LIFE INSURANCE COMPANY;
NATIONWIDE GENERAL INSURANCE COMPANY;
NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY;
COLONIAL INSURANCE COMPANY OF WISCONSIN, f/k/a
COLONIAL INSURANCE COMPANY OF CALIFORNIA

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil Nos. 01-1510, 01-1511, 01-1509)
District Judge: The Honorable Gustave Diamond

_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2003

BEFORE: SCIRICA, Chief Judge, SLOVITER, and NYGAARD, Circuit Judges.

(Filed: June 11, 2003)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Craig Vukich appeals the dismissal of his complaint following the District Court's determination that his present claims were compulsory counterclaims to a previous lawsuit, *Nationwide Mutual Insurance Co., et al. v. John Fleming, et al.*, Civil No. 99-1417 (W.D. PA 2001)('*Fleming*').[1] On appeal, Vukich argues that his allegations of breach of contract and fraudulent misrepresentation by Nationwide are not logically related to the prior action. We exercise plenary review over the grant of a motion to dismiss. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir.1993). Accordingly, we review *de novo* the District Court's determination that Vukich's suit should have been pursued as a compulsory counterclaim in the *Fleming* action. *See Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1058 (3d Cir.1978). We will affirm the District Court.[2]

I.

Appellant's complaint arises out of the termination of an agency agreement that governed his services to Nationwide as an exclusive insurance agent. Pursuant to the terms of that agreement, Vukich accumulated certain deferred earnings as a form of benefits and was entitled to received those earnings in the event of a disability, death, or

---

1. There are two companion lawsuits, *Branthoover v. Nationwide*, *et al.*, No. 02-3360, and *Abraham v. Nationwide*, *et al.*, No. 02-3361, also on appeal. These cases raise identical legal issues to *Vukich* and our discussion applies equally to them.

2. The District Court also found that Vukich's complaint failed to state a claim and alternatively dismissed the complaint for that reason. Because we agree with the District Court's counterclaim analysis, we need not reach its second justification for dismissal.

"qualified cancellation." The agreement provides that Vukich's competition with Nationwide following employment would preclude consideration as a qualified cancellation. Based on Vukich's actions in establishing a competing insurance agency, Nationwide withheld his deferred compensation benefits and brought the aforementioned *Fleming* lawsuit. In this suit, Vukich alleges that Nationwide was contractually permitted to either withhold his deferred compensation and allow competition, or pay the benefits and bring a lawsuit—not both. He claims that Nationwide breached his employment contract by withholding his benefits and then filing the *Fleming* lawsuit. Additionally, he claims that Nationwide fraudulently misrepresented the true nature of the deferred compensation program and that Nationwide never intended to pay the deferred funds, irrespective of his actions.

1. The *Fleming* Lawsuit

On August 27, 1999, Nationwide brought a diversity action against several former insurance agents for lost premium income, corporate opportunities, and customer goodwill allegedly arising from the agents' implementation of a plan to transfer Nationwide's policyholders to direct competitors. The agents, including Vukich, created a separate insurance company while still under contract to Nationwide and utilized certain policyholder information gleaned from their Nationwide employment to establish a customer base with the new agency. Nationwide brought suit for breach of the agents' respective employment agreements, breach of fiduciary duty, and breach of a covenant

4

not to compete with respect to a particular agent. On cross-motions for summary judgment, the District Court granted summary judgment to the defendants on several counts, but allowed the case to proceed to trial on several other counts, including the breach of contract claims against the defendants.

## II.

It is clear that both the *Fleming* lawsuit and this case arise from the same factual predicate and relate to the proper interpretation of the employment agreement. Federal Rule of Civil Procedure 13(a) provides that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

We have said that "[f]or a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim 'bears a logical relationship to an opposing party's claim.'" *Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*, 292 F.3d 384, 389 (3d Cir. 2002) (quoting *Xerox Corp.*, 576 F.2d at 1059). In turn, we have found that "a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication

5

of effort and time by the parties and the courts." *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir. 1961).

A comparison of the two lawsuits quickly yields the conclusion that the claims made in this suit are logically related to the claims made by Nationwide in *Fleming.* "Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties," a compulsory counterclaim exists. *Great Lakes Rubber Corp.,* 286 F.2d at 631. Both lawsuits are primarily concerned with the scope of the parties' permissible actions under the same employment agreement during the same time period and are interconnected. In *Fleming*, Nationwide sued Vukich for breach of the employment agreement for actions taken during his tenure and post-employment competition. Here, the primary argument put forth by Vukich is that Nationwide had a choice under the employment agreement to either withhold deferred compensation or bring a lawsuit to prevent competition. Once Nationwide filed its claim in *Fleming*, it purportedly triggered Vukich's claim. In each lawsuit, the respective claims focus on the actions of the other party within the same factual paradigm and share the common legal question of the proper interpretation of the employment agreement with respect to competition.

We have construed compulsory counterclaims liberally in supporting the notions of judicial economy, and we see no reason to circumscribe that interpretation

6

here. Vukich's claims of breach of contract and fraudulent misrepresentation arise from his interpretation of Nationwide's duties under the employment agreement and are logically related to the *Fleming* lawsuit. Thus, the District Court properly dismissed Vukich's complaint as a compulsory counterclaim.

III.

For the foregoing reasons, we will affirm the orders of the District Court.

/s/ Richard L. Nygaard

Circuit Judge